UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JACOB J. DANLEY and
JEFFREY J. MACINTYRE, JR.,

    Plaintiffs,

                Case No. 15-CV-11535

vs.

                HON. GEORGE CARAM STEEH

ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC, and
MIDLAND CREDIT MANAGEMENT, INC.,

    Defendants.
_____/

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR IMMEDIATE CONSIDERATION FOR
THE UNSEALING OF DEFENDANTS' EXHIBITS A-D AND G-N [DOC. 41]

This matter comes before the court on plaintiffs' motion for immediate

consideration for the unsealing of defendants' exhibits to defendants' motion to compel

arbitration.  On January 20, 2016 the court entered the parties' stipulated protective

order, which provides the procedure the parties must follow if they wish to challenge any

materials designated as protected or confidential.

The stipulated protective order provides that counsel receiving Protected

Materials and Information may challenge the designation by providing written notice to

counsel for the party producing the Protected Materials and Information.  If the parties

do not agree whether the protected designation is appropriate, the counsel receiving the

Protected Materials and Information shall certify the issue to the court.  At that point, the

counsel seeking to keep the information confidential shall file a motion for a

protective order with regard to any portion of any Protected Materials and Information in dispute.

In this case, defendants produced the documents at issue to plaintiffs, marking them confidential pursuant to the stipulated protective order.  Plaintiffs did not contest the designation of those documents with written notice or otherwise.  Defendants requested that plaintiffs stipulate to an order allowing the documents to be filed under seal.  When plaintiffs' counsel did not respond, defense counsel filed the documents under seal pursuant to the protective order.  After the motion and sealed exhibits were filed by defendants' counsel, plaintiffs filed the motion to unseal.

The stipulated protective order in this case spells out exactly how a dispute over a protected designation is to be handled by the parties. It is clear in this case that plaintiffs did not follow the terms of the stipulated protective order, jumping straight to filing a motion to unseal without trying to work the issue out with opposing counsel and without certifying the issue to the court.  The court finds that plaintiffs therefore waived their right to object to the protected designation of the documents at issue.

With regard to filing Protected Materials and Information with the court, the stipulated protective order provides that to the extent any information to be filed with the court reveals information claimed to be confidential under the terms of the protective order, it must be filed under seal.  "However, no document may be filed under seal without leave of court."  The term "leave of court" refers to judicial permission to follow a nonroutine procedure.  While this could be accomplished with the filing of a motion seeking leave, as urged by plaintiffs, the fact that defendants followed a different path to filing the sealed documents does not require the court to order that the documents be

-2-

unsealed.  Considering the matter in the manner in which it was raised by plaintiffs in

this case, the court accepts defendants' filing of Exhibits A, B, C, H, I, L, and M under

seal in support of their motion to compel arbitration.  To their credit, in their response

brief, defendants agree that Exhibits D, G, J, K, and N are not properly designated as

confidential because they had previously been filed as unprotected exhibits to the

original motion to compel arbitration.  As such, those exhibits shall be re-filed without

the confidential designation.

So ordered.

Dated:  April 19, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 19, 2016, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk